UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MARK R. BORMES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY;<br><br>　　　　　Defendant. | 4:16-CV-04155-VLD<br><br><br>ORDER ON MOTION FOR ATTORNEYS FEES<br>DOCKET NO. 23 |

Pending is the plaintiff Mark R. Bormes' motion for award of fees and costs. Doc. 23. The government does not object to the motion and agrees to pay plaintiff $7,055 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as well as costs of $450 as authorized by 28 U.S.C. § 2412(a) and 1920. See Docket No. 24. The amounts are requested to be paid directly to plaintiff's attorney pursuant to his written agreement with him. See Docket No. 23-2.

## FACTS

Plaintiff filed a claim for disability insurance and medical benefits. After an Administrative Law Judge (ALJ) denied benefits and the Appeals Council denied review, plaintiff appealed the ALJ's decision to this court pursuant to 42 U.S.C. § 405(g). Plaintiff sought reversal of the commissioner's final decision or remand of the case for a further hearing, and an award of attorney's fees under

the EAJA on the grounds that the Commissioner's action was not substantially justified. (Doc. 1). On October 18, 2017, the court entered its memorandum opinion and order granting the plaintiff's motion for summary judgment and reversing and remanding the case to the commissioner pursuant to § 405(g), sentence four.

## DISCUSSION

Pursuant to EAJA, a court:

> shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . , incurred by that party in any civil action (other that cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Plaintiff timely filed his petition for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1)(B) (within thirty days after final judgment). Accordingly, plaintiff's attorney is entitled to fees and expenses if (1) plaintiff was the prevailing party and (2) the commissioner's position was not substantially justified.

The Supreme Court has held that a social security claimant who obtains a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency is a "prevailing party" for purposes of EAJA. See Shalala v. Schaefer, 509 U.S. 292, 300-302 (1993). The court's October 18, 2017, order was entered pursuant to sentence four of § 405(g).

Upon entry of the October 18, 2017, order plaintiff became a prevailing party entitled to seek attorney's fees under the EAJA.  Id.

The commissioner bears the burden of proving her position was substantially justified.  See Scarborough v. Principi, 541 U.S. 401, 414 (2004); Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003).  Subsequent to the order for reversal and remand, the commissioner has submitted nothing that would allow the court to determine the commissioner's position was substantially justified.  The commissioner, therefore, has not borne her burden of proving her position was substantially justified within the meaning of the EAJA.  It is noted, however, that the commissioner's failure to contest the plaintiff's motion for attorney's fees and costs is not construed by the court as a concession by the commissioner on the issue of whether her position was substantially justified.

The court must next determine whether the amount requested by attorney Bormes is reasonable.  See 28 U.S.C. § 2412(d)(2)(A).  The commissioner has not disputed that the fees and costs requested by plaintiff are appropriate, and the court has carefully reviewed the time record submitted by attorney Bormes and finds that the time expended and the hourly rates are reasonable.  The award of attorney fees shall constitute a complete release from and bar to any claims plaintiff may have relating to EAJA fees and expenses arising out of this social security appeal, but does not preclude plaintiff's counsel from seeking attorney fees under 42 U.S.C. § 406(b) of the Social Security Act, subject to the offset provisions of the law.

**<u>ORDER</u>**

Accordingly it is

ORDERED that plaintiff's motion for award of fees and costs (Docket No. 23) is granted and the commissioner shall pay plaintiff's counsel, subject to any applicable offset, $7,055 in attorney fees pursuant to the Equal Access to Justice Act and $450 for costs pursuant to 28 U.S.C. §§ 2412(a) and 1920.

DATED this 17th day of November, 2017.

BY THE COURT:

*[signature: Veronica L. Duffy]*
VERONICA L. DUFFY
United States Magistrate Judge